**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DORIS K. JONES,

        Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
CH-0831-14-0566-I-1

DATE: May 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Doris K. Jones</u>, Elyria, Ohio, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision that denied her request for a survivor annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed an appeal from OPM's reconsideration decision denying her request for a survivor annuity as the former spouse of William Jones. Initial Appeal File (IAF), Tab 1. The appellant and Mr. Jones were married in 1991. IAF, Tab 6 at 52. He retired on June 30, 2004, at which time he elected a survivor annuity for the appellant. *Id.* at 52-53. Although the appellant and Mr. Jones divorced on May 27, 2005, he did not notify OPM of the divorce and he continued to receive a reduced annuity until his death on September 4, 2013, 108 months later. *Id.* at 15, 24-39. OPM denied the appellant's application on October 30, 2013. *Id.* at 17. On reconsideration, OPM reversed its initial decision and determined on April 15, 2014, that she was eligible for a survivor annuity. *Id.* at 11. OPM subsequently rescinded its April 15 determination and affirmed its initial decision on May 6, 2014. *Id.* at 6. OPM denied the appellant's application on the basis that the divorce decree did not provide for the former spouse annuity, and because Mr. Jones did not elect to provide for an annuity within 2 years of the divorce. *Id.* at 6-10.

¶3       After holding a hearing, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant and Mr. Jones divorced on May 27, 2005, that the court decree did not provide for a former spouse annuity, and that there is no court order or court-approved property settlement that provides for such an annuity. IAF, Tab 14, Initial Decision (ID) at 5. The administrative judge found further that Mr. Jones received OPM's annual notices in December 2005, and December 2006, which were fully compliant with statutory requirements to advise him that he had to make a new election to provide a survivor annuity for a former spouse, but that he failed to elect a survivor annuity for the appellant. ID at 3-7. To the extent the appellant argued that there is no evidence that Mr. Jones received the notices, the administrative judge found that OPM's affidavit stating that notices were sent to all annuitants, along with copies of the 2005 and 2006 notices, was sufficient to meet OPM's burden of showing that Mr. Jones was on notice and that the appellant did not meet her burden of showing that he did not receive them. Accordingly, the administrative judge found that the appellant had not met her burden of proving her eligibility for the survivor annuity benefit she sought. ID at 8.

¶4       The burden of proving entitlement to a survivor annuity is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). A divorce terminates a prior election of spousal survivor benefits. 5 U.S.C. § 8339(j)(5)(A). A former spouse of an annuitant is entitled to a survivor annuity if and to the extent expressly provided for in an election under 5 U.S.C. § 8339(j)(3) or in the terms of any decree or divorce or annulment or any court order or court-approved property settlement incident to such decree, as specified in 5 U.S.C. § 8341(h)(1). The election under 5 U.S.C. § 8339(j)(3) shall be made at the time of retirement or, if later, within 2 years after the date on which the marriage of the former spouse is dissolved. 5 C.F.R. § 831.632. Under 5 U.S.C. § 8339(j) and (k)(2), OPM is required by statute to

notify annuitants annually of their survivor annuity election rights. *Brush v. Office of Personnel Management*, 982 F.2d 1554, 1559-60 (Fed. Cir. 1992).

¶5     On review, the appellant asserts that there are factual discrepancies in the initial decision which may have caused the administrative judge to reach the wrong result. Petition for Review (PFR) File, Tab 1. For instance, she argues that, while the "divorce decree makes no mention of an annuity," the divorce decree also does not state that there was no annuity. The appellant asserts that, because Mr. Jones had elected a survivor annuity prior to his retirement, he felt no need to mention the annuity in the decree. *Id*. However, where a divorce decree does not explicitly provide for a survivor annuity, as is the case here, the former spouse would have had to make a timely election under 5 U.S.C. § 8339(j)(3), which Mr. Jones did not do. The appellant also asserts that the administrative judge erred in stating that she testified during the hearing that her former spouse handled his mail with his sister, when she actually stated that his sister handled his mail after his death, not while he still was living. PFR File, Tab 1. The administrative judge stated in the initial decision that "Ms. Jones testified that Mr. Jones and his sister handled his mail, so she was not privy to whether he received the annual notices." ID at 6. This statement does not specify, as asserted, whether Mr. Jones' sister handled his mail before or after his death. Moreover, even if the administrative judge's statement is incorrect, because the appellant has not shown how this may have caused the administrative judge to reach the wrong result, it provides no basis for reversal of the initial decision.

¶6     The appellant also raises numerous challenges to OPM's evidence that it mailed annual notices to Mr. Jones in December 2004, and December 2005. PFR File, Tab 1. Public Law 95-317, 92 Stat. 382 (1978), requires OPM to send out general notices warning annuitants of the survivor annuity benefits elections available to them under 5 U.S.C. §§ 8339(j), 8339(k)(2) and 8339(o) at least once every 12 consecutive months. *See* 5 C.F.R. § 831.681. This statutory deadline

can be waived, however, if the annuitant did not receive the annual notice that OPM was required to send annuitants about the right to make an election. *Schoemakers v. Office of Personnel Management*, 73 M.S.P.R. 335, 38 (1997), *aff'd*, 180 F.3d 1377 (Fed. Cir. 1999). OPM bears the burden of proving that the notices actually were sent and must offer proof as to the mailing and the actual content of the notice. *Brush*, 982 F.2d at 1561. A bare allegation that the notices were mailed is not sufficient. However, once OPM establishes through credible evidence that it is more probable than not that the annual notice was sent, the burden of proof shifts to the appellant to prove that the annual notice never was received. *Id.*

¶7      OPM has submitted the affidavit of an individual, who administers the contract for printing and distribution of forms and notices for the Retirement and Insurance Service of OPM, and a copy of the notices sent to the annuitants in 2004 and 2005. IAF, Tab 6 at 40-51. In this affidavit, the OPM employee states that general notices about the survivor benefit elections were sent to all annuitants in December 2005, and December 2006. *Id.* The mailing list for the notices was generated from OPM's computer master annuity roll. A computer tape listing all annuitants and their correspondence addresses is created and maintained by the Center for Information Services, Benefits Systems Group (BSG). BSG then generates a computer tape, which is sent to a private contract firm specializing in mass mailing, which then generates mailing labels for the notices and sends notices to every annuitant on the tape. *Id.* The U.S. Court of Appeals for the Federal Circuit and the Board have held that an affidavit by an OPM official familiar with the history of OPM notices stating that OPM general annual notices of elections, including the election rights at issue in this appeal, were sent to all annuitants at the relevant times constitutes probative evidence that, if unrebutted, proves that OPM provided the required notices. *See Darsigny v. Office of Personnel Management*, 787 F.2d 1555, 1559 (Fed. Cir. 1986); *see also Alton v. Office of Personnel Management*, 40 M.S.P.R. 292, 294-95 (1989).

Thus, the OPM employee's affidavit and the copy of the annual notices he referred to provide the probative evidence that OPM sent Mr. Jones the required notices in December 2005, and December 2006, after he and the appellant had divorced. The burden of proof thus shifts to the appellant to prove that her former husband did not receive notice of the requirements for an election to receive a reduced annuity.

¶8      Here, the appellant does not provide any evidence that Mr. Jones did not receive the notices. Rather, she challenges OPM's mailing procedures and evidence and asserts that Mr. Jones must not have received the notices because he intended that she was to receive a former spouse survivor annuity. As stated above, however, the Board and the court have found OPM's affidavit and evidence sufficient to establish a proper mailing. *Darsigny*, 787 F.2d at 1559; *Alton*, 40 M.S.P.R. at 294-95. Further, Mr. Jones' mailing address apparently remained the same from when he retired until his death in 2013, and the appellant has not alleged that her deceased former husband was having difficulty receiving his annuity checks or any other mail from OPM at that address. IAF, Tabs 1, 9, 11.

¶9      The appellant also contends that, because her former spouse continued to receive a reduced annuity following their divorce and because his annuity adjustments as late as January 2013, continued to indicate that his monthly survivor annuity was payable to her, *see* IAF, Tab 1 at 8, he may have believed that he did not need to take any further action to provide a former spouse annuity, PFR File, Tab 1. Although Mr. Jones may have believed that the reduction in his annuity established a survivor annuity for the appellant, the reduction was the result of his failure to notify OPM that they had divorced, as was required by 5 U.S.C. § 8339(j)(3).[2] Thus, even though Mr. Jones erroneously continued to

---

[2] OPM has acknowledged that any erroneous reduction of Mr. Jones' annuity constitutes accrued annuity that will be paid under the order of precedence since no survivor annuity is payable. IAF, Tab 12 at 5; *see* 5 U.S.C. § 8342.

receive a reduced annuity, this does not provide a basis upon which to waive the election requirement.

¶10    Although the appellant's case is sympathetic, we agree with the administrative judge that she has cited no law, rule, or regulation that permits a waiver of the election requirement. Accordingly, because the appellant has not met the statutory requirements for a former spouse survivor annuity, the administrative judge correctly affirmed OPM's reconsideration decision. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (the Board cannot order payment of retirement benefits when the statutory conditions for such benefits have not been met).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.